IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:14CR155 |
| vs. | |
| DOROTEO MANUEL PONCE, | ORDER |
| Defendant. | |

This matter is before the court on the government's motion to quash a subpoena, Filing No. 311. The court conducted a hearing on the motion on November 17, 2015.

I. Background

Defendant Doroteo Manuel Ponce ("Ponce") was charged with conspiracy to distribute methamphetamine and marijuana, distribution of methamphetamine, and money laundering. Filing No. 83, Third Superseding indictment. Pursuant to 21 U.S.C. § 851, the government filed a Notice to File Information to Establish a Prior Conviction with respect to defendant Ponce. Filing No. 252. Defendant Ponce entered a plea of guilty to three counts of the Third Superseding Indictment pursuant to a cooperation agreement. Filing No. 279 Petition (sealed), Filing No. 280 Plea Agreement.

On October 28, 2015, a subpoena to "Testify at a Hearing or Trial in a Criminal Case" was issued to the First Assistant United States Attorney for the District of Nebraska commanding his appearance and the production of documents. Filing No. 295, Subpoena. The subpoena requests "all material relating to the Information under Section 851 that was filed against the Defendant . . . including, but not limited to all material utilized by the US Attorney's office in making their determination to ultimately

file the Information under Section 851 against the Defendant . . . ." *Id.* at 1. The government moves to quash the subpoena, asserting the defendant's request violates the deliberate process privilege, work-product doctrine, and attorney-client privileges. In response, defendant Ponce essentially asserts a selective prosecution claim, arguing that the government abused its discretion in charging him under 21 U.S.C. § 851.

In support of its position, the defendant relies on a Memorandum from Attorney General Eric Holder to the United States Attorneys and Assistant Attorney General for the Criminal Division entitled "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases (August 12, 2013)" and "Guidance Regarding § 851 Enhancements in Plea Negotiations (September 24, 2014)." Filing No. 315-1. He argues the government's filing of the motion does not comport with the Attorney General's directive.

The notice to file an information under § 851 with respect to Ponce is premised on a 2004 drug distribution conviction for which Ponce was sentenced to a term of imprisonment of thirteen months. Filing No. 252 at 1. The record shows that notices of information to establish prior convictions were filed against two other defendants in this case. *See* Filing No. 287 (defendant Daniel Muratella), Filing No. 112 (defendant Jodi Muratella). The information with respect to Jodi Muratella was based on a 1995 conviction that resulted in sentences of 92 months. Filing No. 112, Information at 1; Filing No. 259, Presentence Investigation Report at 17-18 (sealed). The information filed with respect to Daniel Muratella was based on a 1995 conviction for conspiracy to distribute methamphetamine for which he was sentenced to 110 months. Filing No. 287 at 1.

II. Law

Prosecutors are given broad discretion in deciding against whom to focus limited prosecutorial resources, and a strong "presumption of regularity supports . . . [those] decisions." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citations and quotations omitted). They must exercise their charging discretion within constitutional constraints, however, including those "imposed by the equal protection component of the Due Process Clause of the Fifth Amendment." *See id.* Under that clause, "the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (citation and quotation omitted). Defendants bear a "demanding" burden when seeking to establish that they are being selectively prosecuted in an unconstitutional manner. *Id.* "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." *Id.* at 465 (emphasis added) (citations and quotations omitted). However, a presumption exists that a prosecutor has not violated equal protection principles, and a defendant challenging a conviction on this ground must satisfy a "demanding" burden to establish that he or she is being selectively prosecuted. *Id.*; *see United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000). In order to overcome that presumption, a defendant must present clear evidence of a selective prosecution. *Smith*, 231 F.3d at 807.

"In order to make a prima facie case of selective prosecution, [a defendant] must show (1) people similarly situated to him were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004); *see United States v. Peterson*, 652 F.3d 979, 981 (8th

Cir. 2011) "The 'evidentiary burden is a heavy one.'" *Peterson*, 652 F.3d at 981 (quoting *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004)). "Defendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." *United States v. Venable*, 666 F.3d 893, 900-01 (4th Cir. 2012).

Similarly, "[a] prosecution designed solely to punish a defendant for exercising a valid legal right violates due process." *Leathers*, 354 F.3d at 961. "It is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right." *Id.* Again, a "defendant's evidentiary burden" in proving an improper motive for prosecution is "a heavy one." *Id.*

"To obtain a hearing, [the defendant] 'must present some evidence that tends to show the existence of both elements' of a selective prosecution claim." *Peterson*, 652 F.3d at 982 (quoting *United States v. Perry*, 152 F.3d 900, 903 (8th Cir. 1998)). The justifications for a rigorous standard for the elements of a selective prosecution claim "require a correspondingly rigorous standard for discovery in aid of such claim." *Armstrong*, 517 U.S. at 468; *see also Venable*, 666 F.3d at 900 (stating that "[b]ecause discovery imposes high costs on the government, the standard for obtaining discovery in support of a selective prosecution claim is only slightly lower than for a dismissal of the indictment; rather than presenting clear evidence, the defendant must produce some evidence making a credible showing of both discriminatory effect and discriminatory intent" (inside quotations omitted).

4

III. Discussion

To succeed on a selective prosecution claim, the defendant has the burden of proving both that he was treated differently than people similarly situated to and that the prosecution decisions were made with a discriminatory purpose or intent. To obtain discovery or an evidentiary hearing, the defendant must meet the slightly lower standard of producing 'some evidence' that makes a 'credible showing' of both discriminatory effect and discriminatory intent.

The defendant has not met this burden. Defense counsel candidly admits that he does not ascribe any improper motive or allege any misconduct by the government; he contends only that the government abused its discretion in light of the Holder memo. The record shows that two other defendants were treated similarly to the defendant insofar as the filing of § 851 informations. Both of those co-defendants had convictions that were even older than defendant Ponce's, although they received longer sentences than Ponce. That distinction is not significant. On the present record, the defendant has presented no evidence to satisfy either required showing. The court finds defendant Ponce has failed to demonstrate that he is entitled to any discovery on the subject.

Moreover, defendant Ponce's reliance on the Holder memos in support of his allegations is unavailing. Although Attorney General Holder's memoranda elucidated certain disparities in the application of mandatory minimum sentences and sentencing enhancements and provided further guidance for prosecutors when determining whether to apply an § 851 enhancement, "the memorandum does not, however, indicate that intelligible principles were completely lacking or that the delegation of sentencing authority was up until that point unconstitutional." *United States v. Burford*,

No. 3:06-CR-102, 2015 WL 2095605, at *4 (D. Alaska May 5, 2015). The Holder memos are simply policy statements and do not provide a legal basis on which a defendant can challenge a statutory mandatory minimum sentence. *See id.*; *cf. United States v. Canori*, 737 F.3d 181, 183–84 (2d Cir. 2013) (holding that Department of Justice memorandum that provided guidance to United States Attorneys regarding prosecution of medical use of marijuana was exercise of prosecutorial discretion and did not purport to give defendants enforceable rights). The Aug. 12, 2013 Memorandum "clearly states that '[t]he policy set forth herein is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding.'" *United States v. Reed*, 576 F. App'x 60, 62 (2d Cir. 2014). "The Attorney General's exercise of that discretion through policy statements and guidance does not legally bind prosecutors or, more importantly, the courts." *Id.* In light of this finding, the court need not address the deliberative privilege, work-product and attorney-client privilege issues. The court finds the government's motion to quash should be granted.

IT IS ORDERED:

1. The government's Motion (Filing No. 311) to quash the subpoena (Filing No. 295) is granted.

Dated this 18th day of November, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge